IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DOUGLAS LINCOLN, JR.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-1955-L-BN** |
| § | |
| **ELLIS COUNTY, TEXAS and UNITED** § | |
| **STATES HOMELAND PRISONER** § | |
| **TRANSPORT, LLC,** § | |
| § | |
| Defendants. § | |

# ORDER

On April 7, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 20) ("Report") was entered, recommending that the court dismiss with prejudice all claims by Plaintiff in his Second Amended Complaint against Defendant Ellis County, Texas, because: (1) he asserts claims pursuant to 42 U.S.C. § 1983, but he fails to identify an official policy or custom, or allege facts that connect the policymaker to an unconstitutional policy as required for a claim based on municipal liability; (2) to the extent his claims can be construed as state tort claims, there is no waiver of Ellis County's governmental immunity; and (3) his claims for alleged violations of federal transportation laws and regulations, and the Texas Code of Criminal Procedure are not premised on any laws, statutes, or rules that support a private cause of action. The magistrate judge recommends that the court sever and transfer Plaintiff's remaining claims for alleged constitutional violations against Defendant United States Homeland Prisoner Transport, LLC to the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1404(a). No objections to the Report were filed, and the deadline for doing so has expired.

Having considered the pleadings, file, Report, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the

Order – Page 1

court. Accordingly, the court **dismisses with prejudice** all claims by Plaintiff in his Second Amended Complaint against Defendant Ellis County, Texas, and it determines that he will not be allowed to further amend his pleadings as to these dismissed claims. Federal Rule of Civil Procedure 15(a)[1] provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768). Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

The court determines that Plaintiff has pleaded his best case and allowing him to further amend his pleadings pursuant to Rule 15(a) is not warranted under the circumstances, as doing so would unnecessarily delay the resolution of the litigation. Although Plaintiff is proceeding pro se, he had the opportunity to previously amend his pleadings; he did not seek the opportunity to further amend after issuance of the magistrate judge's findings and conclusions detailing the deficiencies in his pleadings; he has not explained how he would cure these deficiencies if permitted to further amend his pleadings; and he did not file any objections to the Report. Additionally, it appears that

---

[1] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page  2**

amendment with respect to the dismissed claims would be futile in light of the magistrate judge's reasons for recommending dismissal. Accordingly, no further amendment will be allowed.

Further, in the interest of justice and for the convenience of the parties, the court *sua sponte* **severs and transfers** Plaintiff's remaining claims against Defendant United States Homeland Prisoner Transport, LLC to the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1404(a), and it directs the clerk of court to effect the transfer in accordance with the usual procedure.[2]

The court also prospectively **certifies** that any appeal of this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 23rd day of May, 2025.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge

---

[2] The court **determines** that the 21-day stay under Local Civil Rule 62.2 for transferred cases is inapplicable and not warranted in this case because Plaintiff had the opportunity to object to the magistrate judge's Report and recommended transfer but has not filed any objections since the Report issued on April 7, 2025. Accordingly, the clerk of court is **not** to stay the case for 21 days after the entry of this order. Further, Local Civil Rule 83.1 allows a judge to proceed "in any manner that the judge deems just and expeditious," and the interests of justice do not support a 21-day stay in light of the lack of any objection by Plaintiff to the Report.

**Order – Page 3**